UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GARY JAMES, | Civil No. 12-1809 (PJS/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| BRUCE REISER, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2009, a Minnesota state court jury found Petitioner guilty of second-degree criminal sexual conduct. He was sentenced to 70 months in prison and is currently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal that presented numerous claims for relief. The grounds raised by Petitioner's appellate counsel included prosecutorial misconduct, erroneous admission of evidence of past crimes, and erroneous jury instructions. Petitioner also filed a pro se supplemental brief in support of his appeal, which raised several additional claims, including ineffective assistance of trial counsel, denial of a hearing on probable cause, inconsistent and insufficient trial testimony, denial of the right to confront adverse witnesses, and wrongful withholding of information by the prosecution. The Minnesota Court of Appeals considered and rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence on direct appeal. State v. James, No. A09-1275, 2010 WL 2899115 (Minn. App. July 27, 2010). The Minnesota Supreme Court denied Petitioner's subsequent application for further review on October 19, 2010.

Petitioner has not filed a motion for post-conviction relief in the state trial court. However, he has filed a previous federal habeas corpus petition challenging the conviction at issue in this case. See James v. Thielen, Civil No. 11-3372 (PJS/TNL) [hereafter "James I"]. This Court reviewed the claims presented in James I and found that Petitioner had exhausted his state court remedies for some of those claims. Some of the claims presented in James I, however, were "unexhausted" because they were not raised in Petitioner's state court appeal. The Court further found that several of Petitioner's unexhausted claims were procedurally defaulted because there was no longer any state court remedy available for those claims. But, the James I petition included a claim of ineffective assistance of appellate counsel for which there still was an available state court remedy – namely, a state post-conviction motion.

2

Because James I presented a claim for which there still was an available state court remedy, i.e., the claim of ineffective assistance of appellate counsel, the Court concluded that the James I petition was a "mixed petition." See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982). Based on that determination, the Court recommended that James I should be summarily dismissed without prejudice unless Petitioner immediately filed an amended petition that presented only claims that had been raised and decided in his state court appeal. (See James I, Report and Recommendation dated June 14, 2012, [Docket No. 31], p. 20.) Petitioner, however, did not file an amended petition in James I. Nor did he object to the determination that he had filed a mixed petition. Therefore, the District Court Judge dismissed James I without prejudice. (See James I, Order dated July 2, 2012, [Docket No. 32].)

Petitioner filed his current (second) federal habeas corpus petition on July 5, 2012. The new petition lists four grounds for relief, which Petitioner has described as follows:

(1) "District Judge refused to let Petitioner dismiss hire[d] defense counsel when an irreconcilable difference arose between I and hired counsel."

(2) "B.C.A. website alleged penetration took place public information thats [sic] false."

(3) "No minorities in jury pool/on jury trial."

(4) "Defense counsel fail to inform the Court in a timely manner that I was under 3 different physicians [sic] care before the alleged incident."
(Petition, [Docket No. 1], pp. 6-11, § 12.)

As discussed more fully below, the Court finds that Petitioner's current habeas corpus petition was not filed within the one-year statute of limitations period prescribed by

3

federal law. Therefore, Petitioner's current habeas corpus claims will not be addressed on the merits and the Court will recommend that this action be summarily dismissed due to untimeliness.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, nothing in Petitioner's submissions suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State

created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; Petitioner's current claims are based on any newly-recognized and retroactively applicable constitutional right; or there is any new evidence that could not have been discovered soon enough to file a timely petition.

Therefore, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on October 19, 2010, when Petitioner's request for further review was denied. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for a writ of certiorari in the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Therefore, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on January 17, 2011 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal. See Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008) ("[w]hen the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ").

Thus, the Court finds that the one-year statute of limitations for seeking federal

5

habeas corpus relief began to run on January 18, 2011, and ended on January 17, 2012. Petitioner did not file his current habeas corpus petition until July 2012 – approximately six months after the statute of limitations expired. Therefore, the current petition is time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion or otherwise seeks collateral relief in a procedurally proper state court proceeding. Here, Petitioner never filed a state post-conviction motion so § 2244(d)(2) is wholly inapplicable to this case.[2]

The Court has also considered whether James I could affect the statute of limitations analysis. The United States Supreme Court, however, has expressly held that the § 2244(d)(1) statute of limitations is <u>not</u> tolled while a federal habeas corpus petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("[w]e hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2) [and] [s]ection 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition"). Based on Duncan, the Court finds that the

---

[2] In James I, the Court noted that, in March 2011, Petitioner filed a notice in the state trial court, which indicated that he intended to file a post-conviction motion sometime in the future. (James I, Report and Recommendation dated June 14, 2012, [Docket No. 31], p. 10.) However, nothing in James I, or in the present case, suggests that Petitioner actually followed through with his stated intention to file a post-conviction motion. It appears that Petitioner instead elected to seek federal habeas corpus relief (by filing his petition in James I). The Court also notes that Petitioner's present habeas corpus petition plainly states that none of his current claims for relief were ever raised in any state post-conviction motion. (Petition, p. 7, § 12, "Ground One," sub. (d)(1); p. 8, § 12, "Ground Two," sub. (d)(1); p. 10, § 12, "Ground Three," sub. (d)(1); p. 11, § 12, "Ground Four," sub. (d)(1).)

statute of limitations was not tolled by the filing of James I and the statute continued to run while that case was being resolved.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

The Eighth Circuit Court of Appeals has made it clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way").³ "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest

---

³ The Court recognizes that the doctrine of equitable tolling was found to be applicable in White and that the present case bears some similarity to White. Petitioner's situation, however, is distinguishable from White in one critical respect. In White, equitable tolling was allowed because the petitioner was never afforded an opportunity to drop his unexhausted claims before the dismissal of his initial habeas corpus petition became final. In James I, however, Petitioner was expressly given the option to file an amended petition, before the case was dismissed, that would state only fully exhausted claims. Petitioner chose not to file an amended petition in James I, but instead commenced an entirely new action, presenting an entirely new set of claims. Therefore, White is not applicable here.

7

circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.; see also Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012) ("[t]he extraordinary circumstance that prevents a petitioner from timely filing his federal application must be external to the petitioner and not attributable to his actions").

In this case, Petitioner has not requested equitable tolling and there is nothing in his submissions which suggests that he could be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case in January 2012, but Petitioner did not file his current habeas petition until July 2012. Furthermore, the federal statute of limitations has never been tolled in this case. The statute was not tolled pursuant to § 2244(d)(2) because Petitioner never filed a state post-conviction motion. The statute was not tolled by James I because, according to Duncan,

the filing of a federal habeas petition has no tolling effect. And, the statute was not equitably tolled because there are no grounds for applying the doctrine of equitable tolling in this case. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred and this action must be summarily dismissed with prejudice.[4]

Having determined that this action must be summarily dismissed for the reasons discussed above, the Court will recommend that Petitioner's application for leave to proceed in forma pauperis (IFP) (Docket No. 2) and motion for appointment of counsel (Docket No. 3) be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find

---

[4] The current petition indicates that Petitioner has never raised any of his current claims for relief in the Minnesota state courts. Therefore, even if this case were not time-barred, it would undoubtedly be dismissed by reason of Petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) ("[c]omity... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief").

the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

[Continued on next page.]

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus (Docket No. 1) be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**;

3. Petitioner's motion for appointment of counsel (Docket No. 3) be **DENIED**;

4. This action be **DISMISSED WITH PREJUDICE**; and

5. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: October  26 , 2012

           *s/ Tony N. Leung*
           TONY N. LEUNG
           United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **November 30, 2012**.